I respectfully dissent from the majority's opinion. I would sustain appellant's First Assignment of Error and find appellant's Second and Third Assignments of Error moot.
The majority finds that the proposed QDRO adopted by the trial court does not modify paragraph twelve of the parties' separation agreement and therefore, the trial court was not required to reserve jurisdiction over the parties' division of appellant's pension benefits. The majority also concludes that as a defined benefit plan, fifty percent of the marital portion cannot truly be determined until the pension matures.
I find that appellee's proposed QDRO, adopted by the trial court, differs from the division of appellant's pension as agreed to by the parties in their separation agreement. The majority concludes that the trial court was required, by statute, to set forth the marital value of the pension benefit in the separation agreement. However, that value was subject to change upon appellant's retirement. Case law is clear that "* * * where a pension or retirement benefit is vested but unmatured, a court may reserve continuing jurisdiction over the distribution of this asset." Doolin, supra, at 300, citing Hoyt, supra, at 182. Further, if a trial court fails to reserve jurisdiction, it is precluded from modifying an award of pension benefits at a later date. Doolin, supra, at 330, citing Schrader, supra, at 28.
In the case sub judice, if the parties only intended to place a value on appellant's pension benefits in order to comply with statutory requirements, the separation agreement should have divided and distributed only the right to receive a share of the unmatured pension benefit, reserving determination of exact amounts to the later time when they are known. See Layne, supra, at 566. However, since the parties placed a value on appellant's pension plan, did not indicate that the value of the pension plan would be determined at a later date and failed to have the trial court retain continuing jurisdiction over this issue, I find appellee's proposed QDRO adopted by the trial court void ab initio
as it differs from the terms of the separation agreement. The trial court must adopt a QDRO that complies with the terms of the separation agreement. That is, adopt the value of appellant's pension benefits as agreed to by the parties in their separation agreement.
 JUDGMENT ENTRY
CASE NO. 00 CA 58.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is affirmed. Costs to appellant.